# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | **CRIMINAL NO. 3:15-72** |
| **v.** : | |
| : | **(JUDGE MANNION)** |
| **MICHAEL COSTELLO,** : | |
| **Defendant** : | |

## ORDER

Based on the court's memorandum issued this same day, **IT IS HEREBY ORDERED THAT**:

**(1)** The defendant Michael Costello's letter Motion for Compassionate Release or for Reduction of Sentence and for Immediate Release to Home Confinement, **(Doc. 93)**, is construed as an emergency petition for writ of habeas corpus pursuant to 28 U.S.C. §2241.

**(2)** The clerk of court is directed to docket defendant's Doc. 93 motion as a §2241 habeas petition and to assign it a separate civil number. Due to the immediate request for relief sought, the clerk of court is directed forgo the thirty-day administrative order requiring defendant to pay the filing fee for a habeas petition, as that can be addressed in the proper jurisdictional court.

Case 3:20-cv-00771-MEM   Document 3   Filed 05/11/20   Page 2 of 2
- 2 -

**(3)** The clerk of court is then directed to forthwith transfer defendant's habeas petition to the U.S. District Court for the District of Minnesota.

**(4)** To the extent defendant's Doc. 93 motion can be construed a motion for compassionate release, it is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction since he has failed to comply with §3582(c)(1)(A)'s exhaustion requirement.

**(5)** To the extent defendant's Doc. 93 motion can be alternatively construed as a motion for immediate release to home confinement under the CARES Act, it is **DISMISSED** since the court lacks authority to grant such relief under the Act.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: May 11, 2020**
15-72-01-Order